IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MICHELLE BOLTZ, | Civ. No. 6:24-cv-00246-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| PEACEHEALTH, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiff Michelle Boltz brings seven religious discrimination claims against her former employer, Defendant PeaceHealth, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under ORS 659A.030. *See* Compl., ECF No. 1. Before the Court is Defendant's motion to dismiss six of Plaintiff's Title VII and ORS 659A.030 religious discrimination claims. For the reasons stated below, Defendant's Partial Motion to Dismiss, ECF No. 5, is GRANTED. Plaintiff's Title VII and ORS 659A.030 claims are DISMISSED. Plaintiff shall have thirty days to file an amended complaint consistent with this opinion.

BACKGROUND

In February 2020, the global COVID-19 pandemic hit Oregon and the United States. In August 2021, the FDA approved the first COVID-19 vaccine. On August 5, 2021, the Oregon Health Authority ("OHA") issued a rule requiring all Oregon

Page 1 – OPINION AND ORDER

healthcare providers and staff to be fully vaccinated against COVID-19 (the "OHA Vaccine Mandate") by September 30, 2021, subject to medical or religious exemption as provided under existing federal law. *Former* OAR 333-019-1010 (Aug. 5, 2021).

"In the summer of 2021, Defendant [healthcare facility] announced its intent to impose a COVID-19 vaccine mandate." Compl. ¶ 10. At that time, Plaintiff was employed by Defendant as a registered nurse. *Id.* ¶ 4. In August 2021, Plaintiff applied for a religious exemption to the vaccine because, as a "devout Christian," she "believes that the use of any vaccination that was tested or manufactured using aborted fetal cells is a direct violation of the sanctity of life and goes directly against her biblical convictions and beliefs." *Id.* ¶ 10. Defendant granted Plaintiff a religious exemption to the vaccine mandate and placed her on unpaid administrative leave. *Id.* Plaintiff remained on unpaid administrative leave for nearly two years until she was terminated by PeaceHealth on July 28, 2023. *Id.* ¶ 14.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* at 555 (internal quotation marks and citation omitted).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

## DISCUSSION

Plaintiff brings seven religious discrimination employment claims under Title VII and ORS 659A.030: (1) failure to accommodate; (2) disparate impact; (3) disparate treatment; (4) wrongful pay reduction; (5) retaliation; (6) "pattern or practice" discrimination; and (7) hostile work environment. Compl. ¶¶ 19–26. "A claim for religious discrimination under Title VII can be asserted under several different theories, including disparate treatment and failure to accommodate." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Plaintiff's state law claims under ORS 659A.030 are analyzed together with her Title VII claims. *Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because ORS 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with [their] federal discrimination

Page 3 – OPINION AND ORDER

claim." (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n.2 (9th Cir. 1993); *Winnett v. City of Portland,* 118 Or. App. 437 (1993)).

I.   *The Claims*

Plaintiff first alleges a failure-to-accommodate claim. "Plaintiff's [religious] exception [to the vaccine mandate] was granted, but instead of providing accommodations to allow her to continue to work, Defendant placed her on indefinite unpaid leave[.]" Compl. ¶ 10. Defendant "does not dispute that Plaintiff has sufficiently alleged failure-to-accommodate claims, under state and federal law." Def. Mot. at 3.

Defendant moves to dismiss the other six claims because they "are either insufficiently pleaded, implausible, or both." *Id.* Defendant notes that the pleadings "contain few, if any specific factual allegations[,]" and that the allegations are "materially identical to allegations in other cases brought by Plaintiff's counsel, including allegations against different employers." Def. Reply at 2, ECF No. 8.

A.   *Disparate Impact*

Plaintiff alleges that "[PeaceHealth] wrongfully terminated the Plaintiff in violation of [Title VII and state law] by identifying the claimant and other similarly situated employees by their initial requests for religious accommodation and terminating them[]." Compl. ¶ 24-1.

Under Title VII, it is unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1).

Page 4 – OPINION AND ORDER

Title VII bars an "employment practice that causes a disparate impact on the basis of . . . religion" unless the employer shows that "the challenged practice is job-related . . . and consistent with business necessity." Title VII 42 U.S.C. § 2000e-2(k)(1)(A)(i). A disparate impact claim challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002). To plead a *prima facie* case of disparate impact, a plaintiff must "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1227 (9th Cir. 2023).

To meet the first prong of a disparate impact claim based on religion, Plaintiff must allege facts to show that the employment practice at issue disparately impacts "all or substantially all" individuals of a specific faith or religious subgroup. *See Bolden-Hardge,* 63 F.4th at 1127–28.

Plaintiff defines the group of allegedly disparately impacted individuals as "'all or substantially all' religious individuals opposed to taking the vaccine on religious grounds[.]" Pl. Resp. at 5, ECF No. 7. Defendant argues that Plaintiff fails the first element because Plaintiff "does not identify a legally cognizable disparate impact on a protected class or group." Def. Mot. at 6.

A group of individuals who hold any religious-based objection to the vaccine, as Plaintiff alleges, is not a protected group under Title VII. Title VII protects individuals of a specific faith or religious subgroup who hold a consistent and defining set of beliefs at odds with an employment requirement. *See, e.g.*, *Bolden-Hardge,* 63 F.4th at 1228 (Because the plaintiff "contends that her religious beliefs are 'consistent with [those] of other Jehovah's Witnesses,' who also believe that their faith forbids them from swearing primary allegiance to any human government[,] . . . we must presume that the oath requirement will impact 'all or substantially all' Jehovah's Witnesses seeking government employment[.]").

Courts have determined that religious individuals who share a specific belief—held by some within and some outside of a specific faith or religious subgroup—do not form a legally cognizable class protected by Title VII. *Cox v. Nw. Reg'l Educ. Serv. Dist.*, Case No. 3:22-cv-01073-HZ (Lead Case), 2024 WL 777598, at *13–14 (D. Or. Feb. 23, 2024) (While "disparate impact claims *can* be made by specific religious faiths or groups[,] . . . parties cannot establish a *prima facie* disparate impact claim by defining the group as comprised of religious individuals holding a particular belief they attribute to their religion even if other members of that individual's faith or religious group believe otherwise.") (citing *Dunbar v. Walt Disney Co.*, No. CV 22-1075-DMG (JCx), 2022 WL 18357775, at *3 (C.D. Cal. July 25, 2022) (emphasis in original) (collecting cases). "Courts generally treat disparate impact claims as those affecting particular groups or faiths, including articulable sub-groups, but not all those who share a single common belief." *Dunbar,* 2022 WL 18357775, at *3.

Page 6 – OPINION AND ORDER

Because Plaintiff's allegedly impacted group is not a protected class or group under Title VII, Plaintiff fails to state a disparate impact religious discrimination claim under Title VII and state law.

B.   *Disparate Treatment*

As in her disparate impact claim, Plaintiff alleges that she "and other similarly situated employees" were "terminat[ed] after they invoked their rights under Title VII and [state law]." Compl. ¶ 24-1.

A disparate treatment claim requires an allegation that defendant acted with discriminatory intent. *Lavelle-Hayden v. Legacy Health*, No. 3:22-cv-01752-IM, 2024 WL 3822712, at *7 (D. Or. Aug. 14, 2024). The elements of a *prima facie* disparate treatment claim are, "(1) [plaintiff] is a member of a protected class; (2) [plaintiff] was qualified for [the] position; (3) [plaintiff] experienced an adverse employment action; and (4) similarly situated individuals outside [plaintiff's] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603.

Defendant argues that Plaintiff fails the second and fourth elements of the claim. Def. Mot. at 6. As to the second element, Plaintiff alleges that she has a fourteen-year work history as a registered nurse under Defendant's employ. Compl. ¶ 4. Defendant asserts that "Plaintiff's ability to allege qualification for her job depends on a successful failure-to-accommodate claim[.]" Def. Mot. at 6–7. The Court concludes that Plaintiff alleges sufficient facts that, at the time she requested an

Page 7 – OPINION AND ORDER

exemption, aside from her nonvaccinated status, she was otherwise qualified for her job.

As to the fourth element, Defendant argues that Plaintiff "does not, and cannot, identify similarly situated employees who received more favorable treatment." Def. Mot. at 7. Specifically, Defendant asserts that "Plaintiff does not allege (nor could she) that PeaceHealth continued to employ any unvaccinated individuals who did not have an approved religious or medical exception (much less that it allowed them to work in person)." Def. Mot. at 7.

To succeed on the fourth element, Plaintiff must plausibly allege that at least one similarly situated individual outside of Plaintiff's protected class was treated more favorably. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *Weil v. Citizens Telecom Svcs. Co.*, LLC, 922 F.3d 993, 1004 (9th Cir. 2019) ("[T]he plaintiff and the comparator employee must be similarly situated . . . in all material respects.") (internal quotation marks and citation omitted).

Plaintiff does not succeed here. She fails to allege that any similarly situated employee outside of her protected class was treated more favorably or allege other facts that give rise to an inference of discrimination. That is, Plaintiff fails to allege that any unvaccinated nurse who did not request a religious exemption was treated more favorably. *Small v. Oregon Health and Sci. Univ.*, No. 3:23-cv-01290-JR, 2024 WL 4137484, at *5 (D. Or. Aug. 5, 2024) (dismissing disparate treatment claim

Page 8 – OPINION AND ORDER

because plaintiff failed to allege that any other similarly situated unvaccinated employee was permitted to work onsite or elsewhere).

Because Plaintiff fails to allege that Defendant treated any similarly situated (*i.e.*, unvaccinated) nurse who did not request a religious exemption more favorably or plead other facts that give rise to an inference of discrimination, Plaintiff fails to state a disparate treatment claim under Title VII and state law.

    C.    *Wrongful Pay Reduction*

Plaintiff alleges that "[PeaceHealth] wrongfully reduced Plaintiff's pay under Title VII and ORS [659]A.030(1)(b) in a discriminatory manner on the basis of her religion by placing her on unpaid administrative leave after she submitted a religious exemption." Compl. ¶ 24-2. Plaintiff asserts that what she calls a "wrongful reduction in pay" claim. Pl. Resp. at 2.

Under Title VII, it is unlawful for an employer . . . "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of] employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).

Defendant argues that Plaintiff's wrongful-pay-reduction claim fails because it is "entirely derivative of the primary theory at issue" in Plaintiff's failure to accommodate claim. Def. Mot. at 8. Specifically, "whether unpaid leave was a reasonable accommodation is already—and more appropriately—at issue with respect to the failure-to-accommodate theory." *Id.*

Wrongful pay reduction, like wrongful termination, *is not a claim* under Title VII. It is an employment outcome, alleged to be "wrongful," for which Plaintiff seeks

Page 9 – OPINION AND ORDER

redress. To obtain relief under Title VII, Plaintiff must allege facts under a Title VII theory of discrimination, such as failure-to-accommodate or disparate treatment. Plaintiff cites Justice Marshall's concurring opinion in *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 74 (1986) (Marshall, J., concurring) ("A forced reduction in compensation based on an employee's religious beliefs can be as much a violation of Title VII as a refusal to hire or grant a promotion"). But, in *Ansonia*, the plaintiff sought redress for an alleged wrongful pay reduction under a failure-to-accommodate theory, not as an independent "wrongful pay reduction" claim. *Id.* at 60.

Thus, wrongful pay reduction is not itself a Title VII claim. It is an *element* of a Title VII claim within a specific Title VII theory of discrimination. *See Matthews v. Legacy Health*, No. 6:24-cv-00592-MC, 2024 WL 3970794, at *5 (D. Or. Aug. 26, 2024) (dismissing wrongful pay reduction claim as "merely a duplicative restatement of Plaintiff's failure to accommodate claim"); *Burton v. Legacy Health*, No. 3:23-cv-01528, 2024 WL 4186068, at *5, n.5 (D. Or. July 18, 2024) (dismissing wrongful pay reduction claim because "[a]ny compensation-related claims . . . fall within the purview of plaintiff's failure to accommodate theory"). To the extent that Plaintiff pleads "wrongful reduction in pay" as a stand-alone claim, it is dismissed.

D.   *Retaliation*

Plaintiff asserts that PeaceHealth retaliated against her "by segregating and terminating [Plaintiff]" because she "invoked Title VII's protections in [her] initial request[] for religious exemption[.]" Compl. ¶ 24-3.

Page 10 – OPINION AND ORDER

Under Title VII, it is unlawful for an employer to discriminate against any employee "because [that employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). "The elements of a *prima facie* retaliation claim are, (1) the employee engaged in a protected activity; (2) [they] suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008).

Plaintiff asserts that she engaged in protected activity (the first element) when she applied for a religious exemption and that she suffered an adverse employment action (the second element) when she was granted the exemption, placed on unpaid leave, and terminated. Pl. Resp. at 7. Defendant argues that "requesting religious accommodation, without more, is not protected activity." Def. Mot. at 9.

The Court need not resolve this issue. Even assuming that Plaintiff meets the first two elements, the claim fails on the third element, the causal link required to show retaliatory motive.

As to causality, Plaintiff alleges that she and "other similarly situated individuals who . . . request[ed] . . . religious exemptions [were] then terminat[ed] for that invocation of their rights under Title VII and ORS 6[59].030." Compl. ¶ 24-3. Defendant argues that Plaintiff fails to plausibly allege a causal link because "PeaceHealth created an accommodation process before [Plaintiff] requested an exception from PeaceHealth's vaccination requirement." Def. Mot. at 9.

"The causal link [supporting a retaliatory motive] may be inferred from 'proximity in time between the protected action and the allegedly retaliatory employment decision.'" *Ray v. Henderson,* 217 F.3d at 1234, 1244 (9th Cir. 2000) (internal quotation marks and citation omitted); *Miller v. Fairchild Ind. Inc.*, 797 F.2d 727, 731 (9th Cir. 1986) (citing cases in which the adverse action occurred after the protected activity).

The Court takes judicial notice that the OHA Vaccine Mandate took effect on August 5, 2021, and was in effect until it was repealed on June 30, 2023. *Former OAR 333-019-1010.* "Courts may take judicial notice of . . . the 'records and reports of administrative bodies.'" *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). Plaintiff alleges that, "[i]n the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate." Compl. ¶ 10. "Plaintiff applied for a religious exception to the vaccine mandate on or about August 24, 2021." *Id.* Defendant granted the requested "exception" and placed Plaintiff on "indefinite unpaid leave, beginning on or about August 31, 2021." *Id.* Plaintiff was terminated on July 28, 2023. *Id.* ¶ 14. Plaintiff also alleges that "other similarly situated individuals" who requested a religious exemption were treated the same. Compl. ¶ 24-3. Plaintiff asserts that "this sequence [of events] indicates a clear causal link" between the protected activity (requesting exemption) and the adverse action (being placed on unpaid leave resulting in termination). Pl. Resp. at 7.

The Court disagrees. The sequence of events does not support a causal link because the exemption process that resulted in the alleged adverse employment action (unpaid leave and termination) was in place *before* Plaintiff applied for an exemption (the protected activity). Further, Defendant instituted that exemption process to comply with the OHA Vaccine Mandate. The sequence of events and the context does not support a retaliatory motive, and Plaintiff offers no other facts that support a retaliatory motive. *Gallagher v. Hawai'i Symphony Orchestra*, No. 23-00395 JMS-RT, 2024 WL 1331799, at *15–16 (D. Haw. Mar. 27, 2024) (rejecting causation element of retaliation claim because "religion-neutral policy . . . had been established *before* [plaintiff] made a religious accommodation claim") (emphasis in original) (collecting cases); *see also Matthews*, 2024 WL 3970794, at *4 (rejecting causation element of retaliation claim on nearly identical facts, because plaintiff "excluded from [complaint] any independent evidence of retaliation").

Because Plaintiff fails to allege sufficient facts to support a causal connection between the protected activity and the adverse action or other facts that support a retaliatory motive, Plaintiff's retaliation claim fails.

    E.    *Pattern-or-Practice Discrimination*

Plaintiff alleges that "[PeaceHealth] engaged in a companywide discriminatory pattern or practice of wrongfully placing the claimant and other employees seeking religious exemptions from the Covid-19 vaccine mandate on unpaid administrative leave regardless of . . . [their] involvement with patient care and without . . . reasonabl[e] accommodat[ion]." Comp. ¶ 24-5.

Page 13 – OPINION AND ORDER

Title VII § 2000e-6(a) authorizes the Attorney General to bring civil suits in "pattern or practice" matters, and § 2000e-6(c),(e) transfers enforcement powers to the EEOC including "authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission." 42 U.S.C. §§ 2000e-6.

Defendant argues that Plaintiff's pattern-or-practice claim "rel[ies] on the EEOC's enforcement powers[,]"and "is not "actionable in an action brought by a private individual." Def. Reply at 8.

Outside of a class action, only the government may pursue a pattern-or-practice action. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360 (1977) ("[T]he plaintiff in a pattern-or-practice action is the Government."); *see also Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004) ("The Supreme Court has never applied the *Teamsters* method of proof in a private, non-class suit charging employment discrimination."); Burton, 2024 WL 4186068, at *10 ("Courts have interpreted this Title VII provision [vesting enforcement authority in the Attorney General and the EEOC] to foreclose the use of the pattern-or-practice method of proof by private plaintiffs." (citing *Teamsters*, 431 U.S. at 360)).

Because Title VII does not provide a private right of action for a pattern-or-practice claim, Plaintiff, as a private individual, cannot bring a pattern-or-practice claim against Defendant. The claim is dismissed.

F.   *Hostile Work Environment*

Plaintiff alleges that "[PeaceHealth]'s staff and employees created a hostile work environment for the claimant . . . by making threatening and hostile statements which made the claimant feel intimidated, harassed, and humiliated on account of her sincere religious beliefs in opposition to the Covid-19 vaccine." Compl. ¶ 24-6.

Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to . . . conditions, or privileges of employment[] because of such individual's . . . religion." 42 U.S.C. §§ 2000e-2(a)(1). To establish a *prima facie* hostile work environment case, an employee must plausibly allege that (1) they were "subjected to verbal or physical conduct of a [religious] nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Mills v. PeaceHealth*, 31 F. Supp. 3d 1099, 1115 (D. Or. 2014) (brackets in *Mills*) (quoting *Vasquez*, 349 F.3d at 642).

Defendant argues that Plaintiff fails to allege a hostile work environment claim because she makes only "vague and conclusory assertions[,]" "alleges nothing about harassing comments or conduct by PeaceHealth employees or staff," and appears to "allege statements expressing hostility based on vaccination status, rather than religious beliefs or practices." Def. Mot. at 11–12.

The Court agrees. Plaintiff has not alleged sufficient facts to state a hostile work environment claim. She alleges that she was the subject of "threatening and hostile statements," Compl. ¶ 24-6, but she does not allege facts to show that those statements were "of a religious nature" or that the statements were "sufficiently

Page 15 – OPINION AND ORDER

severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez*, 349 F.3d at 642. Instead, Plaintiff's allegations suggest that the statements were aimed at her vaccination status, not her religious status. Vaccination status is not a protected class under Title VII. To succeed in this claim, Plaintiff must plausibly allege that hostile statements were directed at her religious status. Plaintiff has not done so. *See Brown v. NW Permanente, PC*, No. 3:22-cv-986-SI, 2023 WL 6147178, at *6 (D. Or. Sept. 20, 2023) ("To remain unvaccinated may be a secular choice, and unvaccinated status alone does not establish any connotation of religious affiliation. Without some connection to their religion, [p]laintiffs fail to allege that they faced verbal or physical conduct of a religious nature.")

For the reasons above, Plaintiff fails to state a hostile work environment claim under Title VII and state law.

II.     *Leave to Amend*

Generally, Federal Rule of Civil Procedure 15 "advises the court that leave shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). "This policy is to be applied with extreme liberality." *Id*.

But "[d]ismissal without leave to amend is proper if it is clear . . . that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003) (internal quotation marks and citations omitted). "[A] proposed amendment is futile only if no set of facts

can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cty., Idaho,* 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (citation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiff is granted leave to amend her disparate impact, disparate treatment, retaliation, and hostile work environment claims. The remaining two claims are dismissed with prejudice because amendment would be futile. Plaintiff's "wrongful pay reduction" claim is dismissed with prejudice because Title VII provides no such claim. Plaintiff's "pattern-or-practice" claim is dismissed with prejudice because Title VII does not provide a private right of action for "pattern-or-practice" claims.

## CONCLUSION

For the reasons explained, Defendant's Partial Motion to Dismiss, ECF No. 5, is GRANTED, and the Complaint is DISMISSED with leave to amend consistent with this opinion. Plaintiff shall have thirty days from the date of this Order in which to file an amended complaint.

It is so ORDERED.

DATED this 19th day of February 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge